# Commonwealth ex rel. Dougherty *v.* Francies.

*Criminal law—Larceny—Sentence—Third conviction.*

A person convicted of larceny cannot be sentenced to the maximum term of thirty years under the Act of May 10, 1909, P. L. 495, unless two prior convictions are averred in the indictment.

Petition of J. Frederick Dougherty for habeas corpus against John Francies, warden of the Western Penitentiary of Pennsylvania. Miscellaneous Docket No. 26.

OPINION BY RICE, P. J., July 15, 1914:

On October 5, 1909, the relator pleaded guilty to an indictment containing two counts charging him with the larceny and the felonious receiving of a bicycle of of the value of $20.00, and was sentenced to pay a fine of $50.00 and the costs of prosecution, to restore the property stolen, and to undergo imprisonment in the Western Penitentiary for a maximum term of thirty years and a minimum term of five years. The indictment does not show, and it does not otherwise appear by the record, that he had been previously convicted of a crime. By sec. 103 of the Crimes Act of 1860, the maximum imprisonment for larceny is three years; and sec. 6 of the act of May 10, 1909, provided that, if there be no minimum term prescribed by law, "the court shall determine the same, but it shall not exceed one-fourth of the maximum time, and the maximum limit shall be the maximum time now or hereafter prescribed as a penalty for such offense." It is true, the next clause of the same section provides, that when a person shall have been twice before convicted, sentenced, and imprisoned in a penitentiary for a term of not less than one year, for any crime committed within the limits of the United States, "the court shall sentence said person to a maximum term of thirty years." But it was held in Halderman's Case, 53 Pa. Superior Ct. 554, upon

construction of this clause, that the two prior offenses become part of the description of, and give quality to, the crime for which a third conviction is sought, and that the person cannot lawfully be sentenced under the provisions of the clause unless the two prior convictions are averred in the indictment. As the relator already has been imprisoned more than a year and a half beyond the maximum term for which under the indictment he could be lawfully imprisoned, he is entitled to be discharged.

The relator is discharged.