## Commonwealth, ex rel., Hess v. Francies.

*Criminal law—Sentence—False pretense—Discharge on habeas corpus.*

Where a prisoner charged with the offense of false pretense has pleaded guilty, and been sentenced to imprisonment in the penitentiary, and has served part of his sentence, he will be discharged on habeas corpus proceedings in the Superior Court. In such a case the sentence should have been to the county jail and not to the penitentiary.

Petition for writ of habeas corpus.

PER CURIAM, November 25, 1915:

It appears by the petition and the record of the Court of Quarter Sessions sent up in obedience to the ancillary writ of certiorari, that the relator was returned to the Court of Quarter Sessions of Blair County on a charge of having obtained the sum of $125 by false pretense. An indictment prepared by the district attorney, but not sent to the grand jury, charged him with the said offense, and he entered a plea of guilty to it under the provisions of the Act of April 15, 1907. The court thereupon, on February 24, 1914, sentenced him to pay a fine of $5.00, and undergo an imprisonment in the western penitentiary of not less than two nor more than three years. He now asks to be discharged from custody on the ground that the imprisonment ought to have been in the county jail, and not in the penitentiary.

It will be seen from the foregoing statement that the case is exactly like the case of Com., ex rel., Stanton v. Francies, 250 Pa. 350.   For the reasons there stated, the relator is entitled to be discharged.

The relator is discharged.