## Commonwealth ex rel. v. Francies.

*Criminal law—Sentence—False pretense—Discharge on habeas corpus.*

Where a prisoner, charged with the offense of false pretense, has pleaded guilty and has been sentenced to imprisonment in a penitentiary and has served more than two years of his sentence he is entitled to a discharge from further imprisonment, under the commitment, on habeas corpus proceedings in the Superior Court. In such case the sentence should have been to the county jail and not to the penitentiary.

*Criminal law—Prisoner erroneously sentenced—Escape—Indict-ment for jail breaking—Validity of commitment.*

Although he may have been erroneously committed to a jail or penitentiary, a prisoner cannot raise the question as to the regu-

larity of his sentence by escaping from the place of his confinement. Such escape is a substantive offense, and the punishment thereof is not merely incidental to the punishment for the offense for which the prisoner may have been committed.

Defendants in criminal cases are entitled to an appeal in every case in which there has been error in a sentence to imprisonment. Under such circumstances an appeal should be taken to contest the validity of the commitment, and the prisoner in breaking jail committed a new offense, and on conviction thereof was properly remanded to the custody of the warden of the penitentiary.

Petition for writ of habeas corpus.

*D. Lee McConaughy,* for petitioner.

*A. J. Barron,* for respondent.

OPINION BY PORTER, J., October 13, 1919:

It appears by the petition of the relator and the records sent up in obedience to the ancillary writs of certiorari, that the relator is confined in the western penitentiary under two commitments, one from the Court of Quarter Sessions of Somerset County and the other from the Court of Quarter Sessions of Center County. The offenses with which the defendant was charged were essentially distinct and the commitments are from courts of independent jurisdiction; we must, therefore, consider separately the validity of the commitments, under which the relator is detained in the penitentiary.

We will consider first the regularity of the sentence of the Court of Quarter Sessions of Somerset County, and of the commitment issued in pursuance thereof. It appears, from the record, that the relator under the name of William Jennings, was returned to the Court of Quarter Sessions of Somerset County on a charge of forgery and obtaining money by false pretenses. An indictment prepared by the district attorney, but not sent to the grand jury, charged him with false pretenses, omitting any mention of the charge of forgery, to which indictment he entered a plea of guilty, under the provisions of

the Act of April 15, 1907. The court thereupon sentenced the defendant to pay a fine of five dollars and undergo an imprisonment, by separate and solitary confinement and at hard labor in the western penitentiary, for a period of not less than two years nor more than three years; the relator was in pursuance of this sentence committed to the western penitentiary, in which institution he has since been confined, except during a few weeks when he had escaped from custody. He now asks to be discharged from custody on the ground that the imprisonment ought to have been in the county jail, and not in the penitentiary. When the final order on this writ of habeas corpus is made the relator will have suffered imprisonment, by separate or solitary confinement, at labor, in the penitentiary for more than two years, which is more than the minimum term of imprisonment imposed by the sentence of the court of quarter sessions, and more than two-thirds of the maximum term of the imprisonment permissible under the statute, and is, moreover, a more severe punishment than simple imprisonment in the county jail. The sentence and commitment were erroneous, but not absolutely void, and the warden of the penitentiary would not be liable in an action of trespass for the detention of the relator. It will be seen from the foregoing statement that the case is exactly like those of Com. ex rel. Hess v. Francies, 61 Pa. Superior Ct. 445; Com. ex rel. Dougherty v. Francies, 58 Pa. Superior Ct. 269; Com. ex rel. Elliott v. Francies, 58 Pa. Superior Ct. 270, and Com. ex rel. Stanton v. Francies, 250 Pa. 350. The relator is, for the reasons stated in the opinions in the cases above cited, entitled to be discharged from further imprisonment under the commitment by the Court of Quarter Sessions of Somerset County.

The regularity of the imprisonment of the relator under the sentence of the Court of Quarter Sessions of Center County presents an entirely different question. The indictment was regularly found and sufficiently

charged, in the first count, that William Jennings, alias R. W. Black, alias Allie Hammond (this relator) was confined as a prisoner in the western penitentiary and that he did, on June 19, 1917, unlawfully and maliciously, break the said western penitentiary; the second count charged that he did escape from said penitentiary, and the third count charged that he did break and escape from the western penitentiary. There can be no question as to the sufficiency of the indictment. The defendant entered the plea of not guilty, and, after a trial, was by the jury found guilty as indicted. The court, on September 24, 1917, sentenced him to undergo an imprisonment in the western penitentiary of Pennsylvania for the period of not less than two years nor more than three years, this sentence to commence on the expiration of the former sentence from the Court of Quarter Sessions of Somerset County. The defendant did not appeal from this judgment, as he of right might have done, but suffered it to remain unchallenged until May, 1919, when he presented his petition to this court for the writ of habeas corpus, upon which writ he now asserts the right to be absolutely discharged. The record is not, in this proceeding, before us for review except in aid of the writ of habeas corpus: Halderman's Case, 53 Pa. Superior Ct. 554; Com. ex rel. Snyder v. Francies, 58 Pa. Superior Ct. 273. We are without authority to correct any errors at the trial which resulted in the conviction of the defendant, our inquiry must be confined to the record proper. The evidence is not before us, nor is the commitment under which the defendant was imprisoned at the time he escaped from the penitentiary. If the relator desired to raise any questions of that character, his only remedy was by an appeal from the judgment. The indictment was founded upon the second clause of the third section of the Act of March 31, 1860, P. L. 385, which enacts that: "If any prisoner imprisoned in any penitentiary or jail, upon a conviction for a criminal offense......

shall break such penitentiary or jail, although no escape be actually made by him, such person shall be guilty of a misdemeanor, and upon conviction of said offense, shall be sentenced to undergo an imprisonment, to commence from the expiration of his original sentence, of the like nature, and for the period of time not exceeding the original sentence, by virtue of which he was imprisoned, when he so broke prison and escape, or broke prison although no actual escape was made by him." The report of the commissioners on the Penal Code refers to this and the following sections, stating the purpose thereof as follows: "They will be found to provide against a series of offenses which either defeat or seriously impede the administration of criminal justice." The Act of June 10, 1885, P. L. 79, empowers the judges of the courts of oyer and terminer and quarter sessions of the peace, to "sentence any prisoner who may be convicted of jail breaking or attempting to break jail, to the proper penitentiary for said offense, and to add to said offense for jail breaking or attempting to break jail, a further sentence to the same penitentiary for the remainder of the term which the said prisoner was serving at the time of his or her escape." This statute is a substitute for, or amendment of, the Act of 1860, in so far as it goes, but it refers only to the sentence and place of imprisonment thereunder. Under the Act of 1860 the sentence for breaking penitentiary or jail was to be imprisonment, "of the like nature" with that imposed by the original sentence, but the Act of 1885 gave the courts jurisdiction to sentence to the penitentiary for the offense of jail breaking. The courts have jurisdiction to impose a sentence of imprisonment in the penitentiary for breaking, or escaping from, either the penitentiary or the jail. The escape is a substantive offense, and the punishment thereof is not merely incidental to the punishment for the offense for which the prisoner may have been confined. Defendants in criminal cases are now entitled to appeal, as matter of right, in every case in which there has been

an error in a sentence to imprisonment. They are not, however, entitled to raise any question as to the regularity of the sentence by breaking the jail or the penitentiary, as such a proceeding frequently involves danger to the lives of the officers of the prison. The record of the Court of Quarter Sessions of Center County sufficiently establishes the jurisdiction of the court to impose upon the defendant the sentence of confinement in the penitentiary for and during the period of not less than two years nor more than three years. The effect of the order which we make discharging the relator from further imprisonment under the sentence of the Court of Quarter Sessions of Somerset County will be to make the term of imprisonment of the defendant under the sentence of the Court of Quarter Sessions of Center County commence with and date from the making of the order of this court in the present proceeding.

Now, to wit, October 13th, one thousand nine hundred and nineteen, it is ordered that the relator be remanded to the custody of the warden of the western penitentiary until he has complied with the sentence and commitment issued in pursuance thereof by the Court of Quarter Sessions of Center County, the imprisonment under said sentence to commence from the date of this order, and it is further ordered that the relator be relieved from further imprisonment under the sentence of the Court of Quarter Sessions of Somerset County.