## Sentence and Commitment of Prisoners.

*Criminal law—Sentence—Simple imprisonment—Penitentiary—Wrongful commitment—No power in inspectors to object.*

1. Where a prisoner has been convicted and sentenced to simple imprisonment, but has been improperly committed to the penitentiary, the inspectors of the penitentiary have no standing to refuse to accept him.

2. In such case, the question can be raised by the prisoner upon *habeas corpus* proceedings, but until raised and disposed of, the prisoner must be held under the commitment.

Attorney-General's Department. Opinion to Hon. J. Washington Logue, Secretary, Board of Inspectors, Eastern State Penitentiary.

COLLINS, Dep. Att'y-Gen., Oct. 9, 1922.—This department is in receipt of your communication of the 27th ult. to the Attorney-General, asking to be advised whether the Board of Inspectors of the Eastern State Penitentiary has the power to refuse to accept prisoners committed to the penitentiary for the reason that the commitment shows that the offence for which the prisoner was committed is only punishable by simple imprisonment.

It appears that your inquiry is prompted by the fact that the penitentiary is now greatly overcrowded, and that many are sentenced thereto for offences of the above mentioned character. It is respectfully suggested that it might be well, if deemed wise by the board, to inform the several courts of the existing condition of the institution in order that they might have this information before them when imposing sentences.

It is needless, for the purpose of this opinion, to discuss or cite at length the statutes and decisions relative to when, under the penal laws of this Commonwealth, the penalty permits imprisonment in the penitentiary and

when only in county prisons. In Com. *v.* Fetterman, 26 Pa. Superior Ct. 569, the law was stated as follows: "When the penalty is simple imprisonment, for whatever period, the place of confinement is the county jail. When the penalty is imprisonment at labor, by separate or solitary confinement, and the sentence is for one year or more, the place is either the penitentiary or a suitable county prison; when the sentence is for less than a year, the place is a suitable county prison, or, in the absence of such prison, simple imprisonment in the county jail is to be substituted. Thus, 'imprisonment' or 'simple imprisonment' means confinement in the county jail; 'imprisonment at labor, by separate or solitary confinement,' means imprisonment in the penitentiary or in a suitable county prison."

To the same effect is the case of Com. *v.* Francies, 250 Pa. 350, where the court, upon *habeas corpus* proceedings, directed the discharge of a prisoner erroneously sentenced to a penitentiary.

In Com. *v.* Francies, 73 Pa. Superior Ct. 285, the court said of a sentence to the penitentiary where the imprisonment should have been in the county jail: "The sentence and commitment were erroneous, but not absolutely void, and the warden of the penitentiary would not be liable in an action of trespass for the detention of the relator;" and further held that, although erroneously committed, the prisoner could not raise the question of the regularity of his sentence by escaping from the place of his confinement.

It is settled that the court, in imposing a sentence, is limited to the punishment prescribed by the act, for whose violation the conviction was had: Com. *v.* Barge, 11 Pa. 164. The question submitted by you, however, relates, not to the power of the court, but to the power of the board of inspectors of the penitentiary. Can this board undertake to review the action of the court in imposing sentences to the penitentiary in such cases as those to which your inquiry is directed, and if it determines that there has been a transgression of power therein on the part of the court, thereupon refuse to accept the prisoners so sentenced? I am of the opinion that the board does not possess such power. We are not without authority to sustain this conclusion. An opinion of Assistant Attorney-General (now Judge) Hargest to the Secretary of the Board of Inspectors of the Eastern State Penitentiary, dated May 18, 1910, and reported in 19 Dist. R. 481, deals with cases where the court had imposed flat sentences of ten years, apparently ignoring the Act of May 10, 1909, P. L. 495, providing for the imposition of a maximum and minimum sentence, and the provision relating to a certain maximum sentence for a third conviction. He held that, notwithstanding the failure of the court to observe the said requirements of the law, it was the duty of the inspectors to accept the prisoners under the sentences as imposed, saying: "These prisoners are committed by a regular commitment from a court of competent authority. There is nothing for the penitentiary to do except to hold the prisoners in accordance with such commitment. If the sentence is improper, such question can be raised by the prisoners upon *habeas corpus* proceedings, but, until raised and disposed of, the prisoners must be held under the commitment."

The question in these cases was again raised and ruled upon in an opinion by Attorney-General Bell, reported in 20 Dist. R. 471, in which he reaffirms the ruling of this department as made by Assistant Attorney-General Hargest, saying:

"I find no reason to change or modify that conclusion, but I understand your question goes further, and you ask now to be advised whether the penitentiary can refuse to receive a prisoner who is not sentenced to the minimum and maximum, as provided by the Act of 1909.

"It has been decided that 'error of fact or law in an order of commitment made by a court having jurisdiction does not render it void, even though it makes it voidable; an imprisonment under such an order is legal until it is set aside:' Fleming v. Cincinnatus Bills, 3 Ore. 286.

"It may be that such a sentence is illegal, but having been imposed by a court of competent jurisdiction, it is not for the penitentiary authorities, but for the courts, to pass upon its legality, and, if illegal, to set the same aside and impose a proper and lawful sentence. I am, therefore, of opinion, and advise you, that you have no authority to decline to receive the prisoner."

There was a like ruling in an opinion of Attorney-General Bell, found in 21 Dist. R. 880.

The principle laid down in the above cited opinions of this department, and delivered for it by those whose utterances are justly entitled to great weight, is applicable to and governs in this present case. We must conclude, and you are so advised, that the Board of Inspectors of the Eastern State Penitentiary is not vested with authority to refuse to receive prisoners for the reason that the commitment shows that the offence was one punishable by simple imprisonment. It cannot adjudicate the legality of such a sentence. As above pointed out, and as recognized in your communication, the prisoner himself has the right in a due proceeding to test out the validity of the sentence and have the matter regularly passed upon by the court.

From Guy H. Davies, Harrisburg, Pa.