## Commonwealth v. Kelman.

*Jurisdiction, Q. S.—Prisoners—Petitions for parole—Acts of June 19, 1911, and June 29, 1923.*

1. The Court of Quarter Sessions is without authority to entertain a petition for the parole of a convict sentenced to separate or solitary confinement, as the provisions of the Act of June 29, 1923, P. L. 975, amending section 6 of the Act of June 19, 1911, P. L. 1055, apply to such a case.

2. Petitions for parole under the provisions of the Act of June 19, 1911, P. L. 1059, may be entertained and acted upon by the court in all cases where the penalty for the offence is simple imprisonment in the county jail.

Petition for parole. Q. S. Phila. Co., Jan. Sess., 1924, No. 584.

*John H. Maurer*, Assistant District Attorney, and *Samuel P. Rotan*, District Attorney, for Commonwealth.

*David Phillips*, for defendant.

BARTLETT, J., June 7, 1924.—The defendant, on March 19, 1924, was convicted upon two bills of indictment; one on January Sessions, 1924, No. 587, charging him with carrying concealed deadly weapons, and the above indictment, charging the unlawful possession of burglar tools. This indictment is found under the Act of March 14, 1905, P. L. 38, which act makes it a misdemeanor for persons to have in their possession burglar tools for felonious purposes, and, upon conviction, to be sentenced to pay a fine of not more than $500 and to undergo an imprisonment by separate or solitary confinement of not more than three years, either or both, at the discretion of the court. Sentence was imposed upon the defendant under the above bill of not less than one year nor more than one and one-half years in the county prison, as provided by the Act of June 29, 1923, P. L. 975.

A petition was filed on behalf of the above-named defendant, asking for parole in accordance with the provisions of the Act of June 19, 1911, P. L. 1059.

The penalty for which the defendant was convicted being imprisonment by separate or solitary confinement means that such imprisonment must be in a penitentiary or suitable county jail (Com. ex rel. Stanton v. Francies, 250 Pa. 350; Com. v. Fetterman, 26 Pa. Superior Ct. 569), which being so, the provisions of the Act of June 29, 1923, P. L. 975, amending section 6 of the Act of June 19, 1911, P. L. 1055, apply, and the court, under our view of the law, has no authority to entertain a petition for parole on a sentence of this character, any more than it would have authority to entertain a petition for parole under the provisions of the Indeterminate Sentence Act of June 19, 1911, P. L. 1055, under which act prisoners were sentenced to the penitentiary.

Commonwealth v. Kelman.

Petitions for parole under the provisions of the Act of June 19, 1911, P. L. 1059, may be entertained and acted upon by the court in all cases where the penalty for the offence is simple imprisonment in the county jail.

The petition for parole in the case at bar is, therefore, dismissed.