## Commonwealth ex rel. Briscoe v. Banmiller

*Maurice J. Friedman*, for relator.

*Lawrence M. Aglow*, Assistant District Attorney, for respondent.

CHUDOFF, J., March 6, 1958.—This is a petition for a writ of habeas corpus. Relator was convicted of false pretenses on bills no. 121-123, inclusive, of September term 1955, and sentenced to imprisonment in the Eastern State Penitentiary for not less than one, nor more than five years, on each bill to run consecutively,

making a total of 3 to 15 years, effective August 12, 1955. The sentence should have been to the county prison, since the offense carries only simple imprisonment: Act of June 24, 1939, P. L. 872, sec. 836, 18 PS §4836.

When the penalty for an offense is simple imprisonment, for whatever period, the place of confinement is the county jail. "Imprisonment" or "simple imprisonment" means confinement in the county jail; imprisonment at labor, "by separate and solitary confinement", means imprisonment in the penitentiary or in a suitable county prison: Commonwealth v. Fetterman, 26 Pa. Superior Ct. 569 (1904) ; Commonwealth ex rel. Stanton v. Francies, 250 Pa. 350 (1915) ; Commonwealth er rel. Milewski v. Ashe, 362 Pa. 48 (1949) ; Commonwealth ex rel. Elliott v. Baldi, 373 Pa. 489 (1953).

The sentence to that extent should be corrected and to that extent the petition is granted.

Petitioner's real thrust, however, is that imprisonment in the penitentiary is considered more onerous than in the county prison, and that the formula of two to one, or two and a half to one should be applied to this case. He has served two years and six and one-half months in the penitentiary, and under the formula he believes he should be discharged.

The principal cases on the subject are: Clellans v. Commonwealth, 8 Pa. 223 (1848) ; Commonwealth ex rel. Stanton v. Francies, 250 Pa. 350 (1915) ; Commonwealth v. Fetterman, 26 Pa. Superior Ct. 569 (1904) ; Commonwealth ex rel. Elliott v. Francies, 58 Pa. Superior Ct. 270 (1914) ; Commonwealth ex rel. Bishop v. Smith, 123 Pa. Superior Ct. 79 (1936) ; Commonwealth ex rel. Dennis v. Ashe, 161 Pa. Superior Ct. 540 (1947).

In the Stanton case, supra, 14 months in the penitentiary was said to be the equivalent of two to three

years in the county prison; in the Bishop case two years in the penitentiary were equated with three years in the prison. These mathematics are dictum in the cited cases, which say that no mathematical rule binds the discretion of the court in such a matter.

Only the Fetterman and Elliott cases, supra, suggest a reason for the idea, unless one goes back to the Clellans case for such punishments as the "ducking-stool and nailing the culprit to the pillory by his ears," and such things have fortunately disappeared from our lexicon of punishment. The latter rule of the Fetterman, Elliott and Dennis cases is based on the notion that "separate and solitary confinment at labor" is different and tougher punishment than simple imprisonment. We think that the later cases merely parrot the earlier cases without testing the continued existence of the reason for this historical distinction. In Commonwealth ex rel. Zarozny v. William J. Banmiller, Warden, C. P. No. 5, December term 1956, No. 3391, Judge Curtis Bok said:

"Separate and solitary confinement cannot be said to exist when two or three men occupy a cell because the jails are crowded, and where men compete for the few jobs that exist as a welcome antidote to the deadly idleness which exists most of the time because the labor unions won't allow the products of prison labor into the market."

We can take judicial notice of these things and of the introduction into our places of detention of books, magazines, sports programs, radio, television, movies and correspondence courses. "Separate and solitary confinement at labor" has vanished, and with it the reason for supposing that life in a penitentiary is any worse than life in a county prison. If anything, the larger facilities of the State probably make life a bit more pleasant in the penitentiary, where there is at

least some effort made to classify men and place them to the best advantage.

In no realistic sense can it be said of the year 1958 that life is more severe in the penitentiary. In the closing words of the Elliott case, supra, the once valid difference was based on "just and humane principles", but anyone taking a good look at our State penitentiaries and our county prison would be hard pressed to say that the county prison is the better or the easier.

No change will be made in the duration of the sentence.

### Order

And now, to wit, March 6, 1958, the petitioner, Arthur Briscoe, is to be transferred from the Eastern State Penitentiary to the Philadelphia County Prison forthwith to serve out the balance of his sentence, and the petition for writ of habeas corpus is dismissed.