Commonwealth ex rel. Corkle *v.* Smith, Warden.

PER CURIAM, September 26, 1945:

Harry H. Corkle, the relator, in his petition for a writ of habeas corpus, alleges that on September 21, 1943, he was indicted in Dauphin County and convicted on bills Nos. 11 and 13, September Term, 1943, charging receiving stolen goods.

The record discloses that on bill No. 11 the relator was charged with *larceny*, larceny by bailee, receiving stolen goods, and operating a motor vehicle without the consent of the owner, and in bill No. 13 with the same offenses except the violation of the Motor Vehicle Code. He pleaded not guilty to both bills and waived a jury trial. He was adjudged generally guilty on bill No. 11, and on September 21, 1943, sentenced on that bill to the Eastern Penitentiary for a term of not less than two, nor more than four, years. On October 4, 1943, within the term of his original sentence, his sentence was increased to not less than two and one-half, nor more than five, years. On bill No. 13, he was concurrently sentenced to undergo an imprisonment in the Eastern Penitentiary of not less than eighteen months nor more than two years.

Section 807 of the Penal Code, approved June 24, 1939, P. L. 872, provides that the penalty for the conviction of the crime of larceny is a fine not exceeding two thousand dollars, or imprisonment at solitary confinement for a period not exceeding five years, or both. The sentence imposed on bill No. 11 was therefore legal. Section 817 provides that for receiving stolen goods the penalty is simple imprisonment, which means confine-

ment in a county jail (*Commonwealth ex rel. Stanton v. Francies,* 250 Pa. 350, 95 A. 798) for a period of not more than five years, or a fine not exceeding one thousand dollars, or both. The sentence imposed under bill No. 13 was not in accordance with the law, but the relator is not entitled to be discharged from custody until he serves the unexpired sentence legally imposed under bill No. 11.

The writ is refused.