## Commonwealth ex rel. Dennis *v.* Ashe, Warden.

Per Curiam, November 12, 1947:

This is a petition for a writ of habeas corpus. Rule to show cause was granted. Answers were filed.

The relator, on December 5, 1946, pleaded guilty to three bills of indictment (Nos. 207, 208, and 314, November Sessions, 1946, Westmoreland County). Each bill charged relator with making, drawing, uttering and delivering a worthless check. The indictments were drawn under the Act of June 24, 1939, P. L. 872, § 854, 18 PS § 4854. He was sentenced upon each of the three bills to the Western State Penitentiary for a term of not less than one year nor more than two years; sentence on bill No. 208 to be computed from the expiration of sentence on bill No. 207, and sentence on bill No. 314 to

be computed from the expiration of sentence on bill No. 208. He was committed to the penitentiary as of the date of sentence, and received December 6, 1946. The District Attorney of Westmoreland County, in his answer, concedes that the sentences were improper in that the court had no authority to sentence relator to the penitentiary.

Punishment for the offenses with which relator was charged is prescribed by section 854 of the Act of June 24, 1939, P. L. 872, 18 PS § 4854, which provides that one convicted thereof "shall be imprisoned not exceeding two (2) years, or fined not exceeding one thousand dollars ($1,000), or both." The punishment is by simple imprisonment, and it follows that the legal place of confinement is the county jail. See section 75 of the Act of March 31, 1860, P. L. 427, as amended, 19 PS § 891; *Com. v. Arbach,* 113 Pa. Superior Ct. 137, 141, 172 A. 311; *Com. v. Camwell,* 89 Pa. Superior Ct. 339, 351; *Com. v. Morura et al.,* 75 Pa. Superior Ct. 22; *Com. v. Barge,* 11 Pa. Superior Ct. 164. Consequently, insofar as the sentences provided for confinement in the penitentiary, they are not in accordance with the law. *Com. ex rel. Stanton v. Francies,* 250 Pa. 350, 95 A. 798; *Com. ex rel. Corkle v. Smith,* 158 Pa. Superior Ct. 98, 43 A. 2d 915; *Com. v. Smith (No. 2),* 116 Pa. Superior Ct. 146, 149, 177 A. 73.

Our courts have recognized that imprisonment undergone in the penitentiary is equivalent to a substantially greater period of time served under simple imprisonment in the county jail. This should be taken into consideration by the court below when relator is sentenced anew in conformity with the statute. No strict mathematical formula is applicable to the exercise of the discretion of the court. See *Com. ex rel. Stanton v. Francies,* supra, 250 Pa. 350, 95 A. 798; *Clellans et al. v. Com.,* 8 Pa. 223; *Com. ex rel. Bishop v. Smith,* 123 Pa. Superior Ct. 79, 186 A. 763; *Com. ex rel. Elliott v. Francies,* 58 Pa. Superior Ct. 270; *Com. v. Fetterman,* 26 Pa. Superior Ct. 569.

Relator on this writ of habeas corpus will be given relief from the sentences illegally imposed; and under the circumstances of this case the error will be corrected by remanding relator for resentence in proper form and according to law. See *Com. v. Downer,* 161 Pa. Superior Ct. 339, 342, 53 A. 2d 897; *Com. ex rel. Guiramez v. Ashe,* 293 Pa. 18, 141 A. 723; *Com. ex rel. Snyder v. Francies,* 58 Pa. Superior Ct. 273.

And now, November 12, 1947, it is ordered and adjudged that the rule previously allowed to show cause why habeas corpus should not issue be made absolute, and the application is treated as though the writ had issued and Walter Z. Dennis were before us; and it is further ordered and adjudged that the prisoner be remanded for resentence, and that the record be remitted to the court below to the end that appropriate process may issue to bring him into that tribunal for resentence in accordance with the law as here announced.