# Commonwealth ex rel. Stuckey v. Burke, Warden.

PER CURIAM, January 12, 1950:

Relator, Earl O. Stuckey, was indicted, tried, and found guilty of receiving stolen goods (No. 36, February Sessions, 1948, Cumberland County), on May 14, 1948. He was sentenced to undergo imprisonment in the Eastern State Penitentiary for a term of not less than two and one-half years nor more than five years to be computed from May 14, 1948. A fine of $50 was also imposed.

The maximum penalty that could be imposed legally for receiving stolen goods was imprisonment not exceeding five years, or fine not exceeding $1,000, or both. Section 817 of the Act of June 24, 1939, as amended by the Act of May 21, 1943, P. L. 306, §1, 18 PS §4817.

The punishment prescribed being by "imprisonment," without more, it follows that the legal place of confinement is the county jail. *Com. ex rel. Dennis v. Ashe,* 161 Pa. Superior Ct. 540, 55 A. 2d 433. The imposition of an indeterminate sentence was therefore erroneous and should be corrected also. *Com. ex rel. Biancone v. Burke,* 164 Pa. Superior Ct. 486, 66 A. 2d 74.

The District Attorney of Cumberland County admits in his answer to the rule issued on relator's petition that the legal principles as stated are applicable to relator's case.

Relator will be remanded to the Court of Quarter Sessions of Cumberland County for resentence in proper form and according to law. That court should take into consideration, when relator is resentenced, that imprisonment undergone in the penitentiary is considered equivalent to a substantially greater period of time served under simple imprisonment in the county jail. *Com. ex rel. Dennis v. Ashe,* supra, 161 Pa. Superior Ct. 540, 55 A. 2d 433.

And now, January 12, 1950, it is ordered and adjudged that the rule previously allowed to show cause why habeas corpus should not issue be made absolute, and the application is treated as though the writ had issued and Earl O. Stuckey were before us; and it is further ordered and adjudged that the prisoner be remanded for resentence, and that the record be remitted to the court below to the end that appropriate process may issue to bring him into that tribunal for resentence in accordance with the law as here announced.