Opinion by
Dithrich, J.,
Relator has appealed from an order of the court below dismissing his petition for a writ of habeas corpus. He contends he was illegally sentenced on two convictions of bringing stolen property into this Commonwealth and on three convictions of receiving stolen goods.
The material and pertinent facts, which are not in controversy, are as follows: On December 12 and December 14,1946, relator was tried and convicted at Nos. 21/152 and 25/156 September Sessions, 1946, respectively, in the Court of Quarter Sessions of Fayette County. Motions for a new trial and in arrest of judgment were filed in each case, and after argument before the court en banc the motions were refused on February 26,1947. Sentence was not imposed until March 3,1947, after the expiration of the December term of court at which relator was tried and convicted. He was sentenced on the third count “(Bringing stolen property into State)” of each indictment to undergo imprisonment in the Western State Penitentiary for not less than two and one-half years and not more than five years, the sentence at No. 21/152 to commence and be computed from the expiration of the sentence imposed at No. 25/156.
On March 13, 1947, at No. 13/109 September Sessions, 1946, in the same court, he was found guilty of receiving stolen goods. On April 1, 1947, he was sentenced at No. 13/109 to undergo imprisonment in the Western State Penitentiary for not less than one year and not more than five years, the sentence to commence and be computed from the expiration of the *601 “amended” sentence “this” day imposed at No 21/152 September Sessions, 1946. The sentence at No. 21/152 and the sentence at No 25/156 were each “amended” on April 1, 1947, as follows: “The defendant, John Holly, is sentenced on the Third Count (Bringing stolen property into State) and on the Fourth Count (Receiving an automobile, . . . , knowing the same to have been stolen) ” (Amendment italicized.)
No explanation has been offered as to why the sentences were “amended” by imposing sentence on the fourth count in addition to the original sentence on the third count. But since the sentence of two and one-half to five years in the Penitentiary is warranted under the third count in each indictment, the sentence is legally sustainable. Section 818 of The Penal Code of 1939, June 24, P. L. 872, 18 PS §4818, provides punishment by fine or imprisonment, by separate and solitary confinement at labor, not exceeding five years, or both, for bringing stolen goods into the State. Section 817 of the Code, 18 PS §4817, provides only simple imprisonment for receiving stolen goods. But in Commonwealth ex rel. Vincent v. Smith, 132 Pa. Superior Ct. 469, 1 A. 2d 838, where defendant was sentenced to undergo imprisonment in the Eastern State Penitentiary for a period of not more than ten years nor less than five years on an indictment containing three counts, the third count of which was receiving stolen goods, this Court held (pages 470, 471) that since the sentence could legally have been pronounced on either the first or second count, “It was not an illegal cumulation of sentences ... a sentence is legal, if it is warranted by any count in the indictment.”
However, the sentence at No. 13/109 September Sessions, 1946, “Charge: Receiving Stolen Goods,” of not less than one year and not more than five years in the Western State Penitentiary is clearly illegal. In Com *602 monwealth ex rel. Corkle v. Smith, 158 Pa. Superior Ct. 98 43 A. 2d 915, we said (pages 99, 100) : “Section 817 provides that for receiving stolen goods the penalty is simple imprisonment, which means confinement in a county jail (Commonwealth ex rel. Stanton v. Francies, 250 Pa. 350, 95 A. 798) . . .” See, also, Commonwealth ex rel. Dennis v. Ashe, 161 Pa. Superior Ct. 540, 55 A. 2d 433; Commonwealth ex rel. Stuckey v. Burke, 165 Pa. Superior Ct. 637, 70 A. 2d 466.
Eelator also contends that the sentences at Nos. 21/152 and 25/156, not having been imposed during the term of court at which he was tried and convicted and the court having done nothing to preserve its power to sentence at a subsequent term of court, are void. The contention must be upheld.
In Commonwealth ex rel. Boyer v. Ashe, Warden, in the Supreme Court of Pennsylvania, Western District, No. 1576 Miscellaneous Docket, a case not reported since it was decided on petition and answer without argument, the Court said: “Where a court does not sentence a defendant and does nothing to preserve its power to later sentence, it does not have the power to sentence the defendant at a subsequent term of court: Commonwealth ex rel. Micholetti v. Ashe, Warden, 359 Pa. 542.”
In that case petitioner on February 8, 1943, entered pleas of guilty to charges of larceny and burglary in the Court of Quarter Sessions of Indiana County. Before any sentence was imposed petitioner was accepted for military service and “was released by the court without formal order deferring or suspending sentence.” On February 21, 1944, while still in the Army, he entered a plea of guilty to a charge of larceny at No. 94 December Sessions, 1943, in the same court. On the following day, to wit, February 22, 1944, he was sentenced to a term of two and one-half to five years in the Western State Penitentiary at No. 94 December Sessions, 1943, the sentence to be computed from February 17, 1944; *603 at No. 80 December Sessions, 1942, he was given a like sentence to begin at the expiration of the sentence at No. 94 December Sessions, 1943; and at No. 81 December Sessions, 1942, a like sentence to begin at the expiration of sentences imposed at No. 94 December Sessions, 1943, and No. 80 December Sessions, 1942.
In its order making absolute the rule to show cause why the petition for a writ of habeas corpus should not be granted, the Court said: “Petitioner has now served the maximum sentence imposed at No. 94 December Sessions, 1943, ending February 17,1949. He contends that since no sentences were imposed nor any order made postponing, deferring or suspending sentence on Bills No. 80 and No. 81 during that term of court, viz.: December Sessions, 1942, the sentences imposed on these bills, on February 22, 1944 at a different term of court, were void.”
In the case at bar there is no denial of the fact that petitioner was not sentenced at No. 21/152 and No. 25/156 September Sessions, 1946, during the December 1946 term at which he was tried and convicted. In Fayette County the terms of court begin on the first Mondays of March, June, September, and December. The Commonwealth, in attempting to distinguish this case from the Micholetti case, says, in its brief of argument submitted by the District Attorney of Fayette County: “The great difference in this case is that the relator, Holly, was never sentenced at all within the December Term at which he was convicted. This was due to the fact that he had filed motions for new trials after his convictions, thus automatically delaying sentence until after argument before the Court en banc and a decision by the Court. . . .
“The . . . Court refused Holly’s motions for new trials on February 26, 1947. After that date, only three week days remained until the expiration of the December Term of 1946. Is there any rule of law, either decisional *604 or statutory, which required either that Holly be sentenced during those three days or that the Court do something to preserve its power of initial sentence as distinguished from its power of resentence?” The answer to that question is to be found in Commonwealth ex rel. Boyer v. Ashe, Warden, supra.
The sentences imposed at No. 21/152 September Sessions, 1946, and at No. 25/156 September Sessions, 1946, will be vacated.
Since the maximum penalty that could be imposed legally for receiving stolen goods was simple imprisonment not exceeding five years or a fine not exceeding $1,000, or both, it follows that the legal place of confinement is the Fayette County Jail and not the Western State Penitentiary.
Relator will be remanded to the Court of Quarter Sessions of Fayette County for resentence in proper form and according to law; and as we said in Commonwealth ex rel. Stuckey v. Burke, supra, (page 638) : “That court should take into consideration, when relator is resentenced, that imprisonment undergone in the penitentiary is considered equivalent to a substantially greater period of time served under simple imprisonment in the county jail. Com. ex rel. Dennis v. Ashe, . . ., 161 Pa. Superior Ct. 540, 55 A. 2d 433.”
And now, this 12th day of June, 1950, it is ordered and adjudged that the rule to show cause why habeas corpus should not issue be made absolute, and the application is treated as though the writ had issued and John J. Holly were before us; the Court of Quarter Sessions of Fayette County is directed to enter an order vacating the sentences imposed at No. 21/152 September Sessions, 1946, and at No. 25/156 September Sessions, 1946; the sentence at No. 13/109 September Sessions, 1946, is reversed; and it is further ordered and adjudged that the prisoner be remanded for resentence on that bill and that *605 the record be remitted to tbe Court of Quarter Sessions of Fayette County to the end that appropriate process may issue to bring him into that tribunal for resentence in accordance with tbe law as here announced.
June 28, 1950: