Commonwealth ex rel. Radziewicz, Appellant, *v.* Burke.

Submitted March 20, 1951.   Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Carlon M. O'Malley,* District Attorney, and *Ellis Berger,* Assistant District Attorney, for appellee.

OPINION BY RHODES, P. J., July 19, 1951:

Relator was indicted, tried, and convicted of receiving stolen goods on several bills of indictment, and sentenced by the Court of Quarter Sessions of Lackawanna County to undergo imprisonment in the Lackawanna County Jail for fixed terms aggregating eight years. The sentences imposed were effective as of October 17, 1945.

On September 17, 1947, relator was transferred from the Lackawanna County Jail to the Eastern State Penitentiary pursuant to an order made by the Department of Welfare upon petition of the Warden of the Lackawanna County Jail. The Court of Quarter Sessions of Lackawanna County approved the petition and order and gave its consent to the transfer. This proceeding was in accordance with the provisions of section 1 of the Act of July 11, 1923, P.L. 1044, as amended by the Act of April 23, 1929, P.L. 640, 61 PS §72. The reason for relator's transfer, as set forth in the warden's petition, was that the warden was "unable, by reason of the dangerous criminal propensities of Walter Radziewicz and his close association to other felons, who planned a jail break of said prison which was prevented by prompt and timely police ac-

tion, to furnish proper and sufficient accommodations for the care, custody, control and safety of the subject under petition and the other inmates of said jail, . . ." The petition also set forth that, in addition to the warden's inability to control relator for the aforesaid reasons, it was the petitioner's opinion "by reason of the continued troublesome attitude displayed by said prisoner" that "he will be a source of constant irritation to the other inmates of said prison . . ." At the hearing in the court below relator admitted the facts set forth in the warden's petition.

On January 31, 1950, relator filed his petition for a writ of habeas corpus in the Court of Common Pleas of Montgomery County, the Eastern State Penitentiary being located at Graterford in that county. The District Attorney of Lackawanna County filed an answer to relator's petition. Counsel having been appointed for relator, hearings were held on the petition and answer. By opinion filed on May 3, 1950, the writ was discharged; and on October 11, 1950, relator's exceptions were dismissed and the action of the hearing judge affirmed. Relator then appealed to this Court.

It is relator's contention that the punishment for the crime of receiving stolen goods is simple imprisonment; that he may not be required to serve such sentence within the confines of a penitentiary; and that where the punishment prescribed is by "imprisonment," without more, it follows that the legal place of confinement is the county jail. The argument which he presents is to the effect that the Act of July 11, 1923, P.L. 1044, as amended, 61 PS §72, permits of the transfer of a prisoner from one penal institution to another only when such transfer is required by reason of physical conditions of the institution itself, and that such transfer cannot be made by reason of the activities, conduct, or condition of the inmates of the institution.

He contends it therefore follows that he should be discharged because imprisonment undergone in the penitentiary is equivalent to a substantially greater period of time served under simple imprisonment in the county jail. See *Com. v. Fetterman*, 26 Pa. Superior Ct. 569; *Com. ex rel. Dennis v. Ashe*, 161 Pa. Superior Ct. 540, 55 A. 2d 433; *Com. ex rel. Stuckey v. Burke*, 165 Pa. Superior Ct. 637, 70 A. 2d 466; *Com. ex rel. Stanton v. Francies*, 250 Pa. 350, 95 A. 798.

We have frequently said that the penalty provided for receiving stolen goods is simple imprisonment under the Act of June 24, 1939, P.L. 872, §817, as amended, 18 PS §4817; and that the legal place of confinement to which a person so convicted may be sentenced is the county jail and not a state penitentiary. *Com. ex rel. Stuckey v. Burke*, supra, 165 Pa. Superior Ct. 637, 70 A. 2d 466; *Com. ex rel. Corkle v. Smith*, 158 Pa. Superior Ct. 98, 43 A. 2d 915. If relator had been sentenced originally to the penitentiary for the offenses of which he was convicted, such sentences would not have been in accordance with the law. However, he was properly sentenced to the county jail, and the question now presented is whether the Act of July 11, 1923, P. L. 1044, as amended, 61 PS §72, authorizes his transfer from the county jail to the penitentiary for the reasons assigned in the warden's petition. As the Supreme Court stated in *Com. ex rel. Banks v. Cain*, 345 Pa. 581, at page 587, 28 A. 2d 897, at page 900: "The legislature has exclusive power to determine the penological system of the Commonwealth. It alone can prescribe the punishments to be meted out for crime. It can provide for fixed penalties or grant to the courts such measure of discretion in the imposition of sentences as it may see fit. It may enact that prison confinement shall be the punishment for crime or may abolish prisons altogether and adopt some other method of enforcing the criminal law."

Our decisions to the effect that "simple imprisonment" means confinement in the county jail are merely interpretive of the penal laws of the Commonwealth. *Com. v. Fetterman,* supra, 26 Pa. Superior Ct. 569; *Com ex rel. Dennis v. Ashe,* supra, 161 Pa. Superior Ct. 540, 55 A. 2d 433. But the legislature may change the punishment for crimes both as to duration and as to the type of imprisonment. As a matter of fact, under the Act of April 23, 1909, P.L. 159, §1, No. 114, the penalty for receiving stolen goods was the same as for larceny, that is, imprisonment by separate or solitary confinement at labor. The legislature may provide that upon the occurrence of certain conditions the place of confinement of prisoners may be changed. A convict has no constitutional or other inherent right to serve his imprisonment in any particular institution or type of institution. He merely has the right to insist upon compliance with statutory provisions.

Section 1 of the Act of July 11, 1923, P.L. 1044, as amended, 61 PS §72, provides as follows: "The Department of Welfare of this Commonwealth is hereby authorized and empowered and, upon petition being presented to it by . . . the superintendent or official in charge of any penitentiary, prison, workhouse, house of correction, or other institution for adult prisoners, located within any county, setting forth that the said penitentiary, prison, workhouse, house of correction, or other institution for adult prisoners, cannot, by reason of overcrowded condition or other existing conditions, furnish proper and sufficient accommodations for the care, custody, control, and safety of the inmates thereof, . . . may make an order authorizing and directing . . . the superintendent or official in charge, to transfer to another prison, penitentiary, workhouse, house of correction, or other institution for adult prisoners, such person or persons whom . . . the superintendent or official in charge, shall specify and desig-

nate: . . . ." This section further provides that before any such transfer is made the court of quarter sessions of the county must consent.

We are of the opinion that the Act of 1923, as amended, 61 PS §72, clearly authorizes the transfer of relator in the present case. By reason of "other existing conditions," that is, relator's misconduct, the Lackawanna County Jail was unable to furnish proper and sufficient accommodations for the "care, custody, control, and safety" of relator and the other inmates. "Other existing conditions" are not limited to mere physical situations having no relation to a prisoner's conduct. There is no merit in relator's contention that an overcrowded condition is the only thing that will allow a transfer to be made. Conditions resulting in proper and sufficient accommodations when considered with respect to the incarceration of a well behaved prisoner may be inadequate for the custody and control of an incorrigible prisoner. The Act of 1923, as amended, 61 PS §72, has very properly included within its scope situations warranting transfers of prisoners in addition to those required by an "overcrowded condition." The adequate control of prisoners in any institution is imperative, and the use of the word "control" in the Act implies the contemplation of situations such as is here presented. The obvious fact that penitentiaries are much better equipped to handle troublesome inmates than many county jails supplies the reason for the applicable provision of this section of the Act.

Under section 4 of the Act of 1923, as amended, 61 PS §75, persons so transferred are "subject to the same term of imprisonment as that imposed upon them at the time of sentence under law, as attached to sentence at the time the same was imposed, either as to parole or as to commutation by reason of good behavior." See *Com. v. Harradine*, 148 Pa. Superior Ct.

451, 25 A. 2d 576; *Com. v. Sweeney,* 281 Pa. 550, 127 A. 226; Act of August 6, 1941, P.L. 861, §17, as amended, 61 PS §331.17. Relator is now serving the same sentences which were originally imposed although in a different place of confinement. The change in place of confinement was made pursuant to and in compliance with statutory provisions.

We might add that the sentences were imposed under the legal contemplation of the Act of 1923 and its amendments. The conditions of punishment, including the provisions of the Act of 1923, as amended, formed constituent parts of relator's sentences. See *Com. ex rel. Carmelo v. Burke,* 168 Pa. Superior Ct. 109, 118, 78 A. 2d 20; *Com ex rel. Banks v. Cain,* supra, 345 Pa. 581, 587, 588, 28 A. 2d 897.

The order of the court below is affirmed.