## Commonwealth ex rel. Monaghan, Appellant, *v.* Burke.

Submitted March 20, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

Proceeding upon petition of relator for writ of habeas corpus. Before SLOANE, J.

*Francis Monaghan,* appellant, in propria persona.

*John H. Maurer,* District Attorney and *James W. Tracey, Jr.,* First Assistant District Attorney, for appellee.

OPINION BY RHODES, P. J., July 19, 1951:

This is an appeal from an order of the Court of Quarter Sessions of Philadelphia County denying relator's petition for writ of habeas corpus. Relator was convicted in that court on March 21, 1946, on three bills of indictment to September Sessions, 1945, charging respectively attempted burglary (No. 772), carrying concealed deadly weapons on the person, and carrying firearms in a motor vehicle without a license (No. 773), and unlawful possession of burglar tools (No. 774).

On May 6, 1946, relator was sentenced to two years in the Eastern State Penitentiary on bill No. 772, two years in the same institution on bill No. 773, and from one and one-half to three years in such institution on bill No. 774. The sentences, which were consecutive, were not to begin until after relator had served the unexpired balance of a former sentence from which he had been paroled. In the present habeas corpus proceedings, relator being present, the lower court corrected the sentence on bill No. 772, the attempted burglary charge, to a sentence of not less than one year nor more than two years in the Eastern State Penitentiary; in other respects the petition for the writ was dismissed.

Since his conviction, relator has had his case before this Court and the Supreme Court on various types of proceedings. As we noted in *Com. v. Monaghan,* 162

Pa. Superior Ct. 530, 58 A. 2d 486, the Supreme Court has indicated that it was of the opinion that relator had a fair trial and that there was evidence sufficient to go to the jury in support of the indictments. No further comment is required on the various points raised by relator in his present appeal questioning the sufficiency of the evidence. We might add, however, that the sufficiency of the evidence to sustain a verdict is not a matter for consideration on habeas corpus. *Com. ex rel. Marelia v. Burke,* 366 Pa. 124, 75 A. 2d 593; *Com. ex rel. Burge v. Ashe,* 168 Pa. Superior Ct. 271, 77 A. 2d 725.

Under two other points raised, relator seeks to impeach the record. He contends that he was not tried on bill No. 774, charging unlawful possession of burglar tools. In support of this contention he claims that the caption upon the transcribed notes of testimony fails to indicate this charge although listing and identifying the other two indictments. Such an omission is entirely immaterial as the record clearly shows that he was indicted, tried, and convicted, and sentenced on such charge. He also contends that he was sentenced to the Philadelphia County Prison rather than to the Eastern State Penitentiary on bills Nos. 772 and 773. We have before us the original indictments upon the back of which the various sentences are endorsed and in each of the three cases the designated place of confinement is the Eastern State Penitentiary. Under such circumstances, the language of the Supreme Court in *Com. ex rel. Spencer v. Ashe,* 364 Pa. 442, 444, 71 A. 2d 799, 800, is applicable: "In the present instance, we have not only a presumption of the regularity of the judgment of conviction but also direct proof that the factual basis of the alleged irregularity did not actually exist. There is nothing in the case to justify a departure from the stated record. Until the contrary affirmatively and competently appears, the relator is

bound by the record: see Prine v. Commonwealth, 18 Pa. 103.'' See, also, *Com. ex rel. Kaylor v. Ashe,* 167 Pa. Superior Ct. 263, 74 A. 2d 769.

We find no merit in relator's contention that the offense of unlawful possession of burglar tools merged with the offense of attempted burglary so as to be susceptible of but one punishment. The one crime did not necessarily involve nor was it a necessary ingredient of the other under the rule set forth in *Com. ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 21 A. 2d 920. See *Com. ex rel. Madden v. Ashe,* 162 Pa. Superior Ct. 39, 56 A. 2d 335, wherein we held that the unlawful carrying of explosives was not necessarily a constituent part of the offense of felonious entry with intent to commit a felony by the use of explosives.

Relator further contends that the court below had no power to correct the sentence on the charge of attempted burglary (No. 772, September Sessions, 1945) from a definite or fixed sentence as originally imposed to an indeterminate sentence, on the ground that the term at which relator was convicted had expired. It is not necessary for us to consider or pass upon the question whether this ministerial change in the sentence comes within the rule that a lower court has no authority to alter a sentence, either by increasing or reducing the punishment imposed, after the expiration of the term at which the defendant was sentenced. See *Com. v. Downer,* 161 Pa. Superior Ct. 339, 53 A. 2d 897; *Com. ex rel. Michelotti v. Ashe,* 359 Pa. 542, 59 A. 2d 891; *Moskowitz's Registration Case,* 329 Pa. 183, 190, 196 A. 498. We may remit the record to a lower court for proper sentence where the original sentence is illegal or erroneous, and that court may proceed to sentence the defendant anew in proper form and according to law. *Com. v. Downer,* supra, 161 Pa. Superior Ct. 339, 342, 53 A. 2d 897. And this would not be such a sentence

as the court would have no power to impose after the term.[1] On the other hand, this Court has the power to amend or mould a sentence so that it conforms with the law.[2] Act of June 24, 1895, P. L. 212, §8, par. 8, 17 PS §192. In the present case the court below in the presence of the relator merely corrected 'the sentence on bill No. 772 to conform with the law by changing the definite or fixed sentence of two years to an indeterminate sentence of not less than one year nor more than two years. The relator having been sentenced to the penitentiary for a term of two years, this necessarily was the maximum of an indeterminate sentence which must be imposed where the confinement is in a penitentiary. The maximum sentence in an indeterminate sentence is the real sentence, and there has been no increase or change of sentence here in that respect. See *Com. ex rel. Carmelo v. Smith,* 347 Pa. 495, 496, 32 A. 2d 913; *Com. v. Kalck,* 239 Pa. 533, 541, 87 A. 61. We accept and adopt the action of the court below in correcting sentence on bill No. 772 with the same force and effect as though we had exercised our inherent power to amend the original sentence so as to make it conform with the law or as though this had been done after the record had been remitted for that purpose.

The definite or fixed sentence of two years in the Eastern State Penitentiary imposed on bill No. 773, however, is erroneous and must be corrected. This bill of indictment contained two counts, one charging the carrying of concealed deadly weapons upon defendant's person and the other charging the carrying of firearms in a vehicle without a license. The jury rendered a general verdict of guilty. The imprisonment prescribed

---

[1] See *Com. ex rel. Holly v. Ashe,* 368 Pa. 211, 82 A. 2d 244.

[2] See *Com. ex rel. Miller v. Ashe,* 114 Pa. Superior Ct. 332, 334, 174 A. 295.

as punishment for unlawfully carrying concealed deadly weapons upon the person is by separate or solitary confinement, not exceeding one year. Act of June 24, 1939, P. L. 872, §416, 18 PS §4416. The punishment provided for the offense of carrying firearms in a vehicle without a license is simple imprisonment not exceeding three years. Act of June 24, 1939, P. L. 872, §628, as amended, 18 PS §4628. While a sentence is legal if it is warranted by any count in the indictment (*Com. ex rel. Vincent v. Smith,* 132 Pa. Superior Ct. 469, 1 A. 2d 838), the sentence as imposed on bill No. 773 is not proper under either count thereof. It is not legally sustainable under the first count because it is for two years, whereas the maximum provided by the statute is imprisonment by separate or solitary confinement not exceeding one year. It is incorrect under the second count of carrying firearms without a license because the imprisonment provided as punishment for such offense is simple imprisonment which must, of course, be served in a county jail or workhouse and not in a state penitentiary. *Com. ex rel. Holly v. Ashe,* 166 Pa. Superior Ct. 599, 74 A. 2d 182[3]; *Com. v. Arbach,* 113 Pa. Superior Ct. 137, 172 A. 311; *Com. ex rel. Stuckey v. Burke,* 165 Pa. Superior Ct. 637, 70 A. 2d 466. The District Attorney concedes that the sentence imposed on bill No. 773 is erroneous.

It is ordered and adjudged that the relator be remanded to the Court of Quarter Sessions of Philadelphia County for resentence on bill No. 773, September Sessions, 1945, and that the record be remitted to the court below to the end that appropriate process may issue to bring him into that tribunal for resentence in accordance with the law as here announced. In other respects the order of the court below is affirmed.

---

[3] Reversed on other ground, *Com. ex rel. Holly v. Ashe,* 368 Pa. 211, 82 A. 2d 244.