# Commonwealth ex rel. Meehan v. Warden of the County Prison

*Harry R. Back*, for relator.

*Edward J. Hendricks*, Superintendent of Philadelphia Prisons, p. p.

HAGAN, J., September 22, 1955.—This matter is before the court on a petition for writ of habeas corpus.

The facts, as they appear from the petition, answer and hearing thereon, are as follows: On April 12, 1948, petitioner pleaded guilty to three bills of indictment and was sentenced by the late Judge McDevitt as follows: Bill no. 74, April sessions, 1948, charging burglary, not less than 10 nor more than

20 years in the Eastern State Penitentiary; bill no. 75, April sessions, 1948, charging conspiracy, three years in the county prison, commencing at the expiration of sentence on bill no. 74; bill no. 76, April sessions, 1948, charging possession of burglary tools, not less than 18 months nor more than three years in the Eastern State Penitentiary, commencing at the expiration of sentence on bills nos. 74 and 75.

At the April session of the Pennsylvania Board of Pardons, petitioner's sentences on bills 74 and 76, April sessions, 1948, were commuted. Despite the fact, however, that it was the intention of the board of pardons and the district attorney that the sentences imposed on April 12, 1948, on all three bills of indictment (all of which arose from the same transaction) be commuted, nevertheless, through some inadvertence, no action was taken by the board on bill no. 75, so that petitioner is still subject to imprisonment under said bill.

However, instead of again petitioning the board of pardons for a commutation of the sentence imposed upon defendant under bill no. 75 (which, if granted, would have resulted in the discharge of defendant from further incarceration), he has filed a petition for habeas corpus, under which he asks this court to discharge him from further imprisonment under bill no. 75 for these reasons: (1) The sentence of three years imposed upon petitioner under bill no. 75 was illegal, in that the maximum sentence for the crime of conspiracy was two years, and (2) this court, in correcting the illegal sentence, has the authority and power to suspend sentence and order the discharge of petitioner from further incarceration.

It is clear that the Act of June 24, 1939, P. L. 872, sec. 302, 18 PS §4302, imposes a maximum sentence of two years for the crime of conspiracy, and that, therefore, the three-year sentence imposed upon peti-

tioner as aforesaid was illegal. It is also clear that this court has the power to correct the illegal sentence imposed upon petitioner. Therefore, the only question requiring consideration is whether, in resentencing petitioner, this court has the power to suspend sentence and discharge petitioner from further incarceration. It is conceded that the sentencing judge could have suspended sentence on the bill under consideration following defendant's conviction. Does this court have the same power and authority that was originally vested in the sentencing judge?

Our research discloses no case in which this question has been squarely raised, but the action and language of our appellate courts in the cases of Commonwealth ex rel. Guiramez v. Ashe, Warden, 293 Pa. 18, and Commonwealth ex rel. Dennis v. Ashe, Warden, 161 Pa. Superior Ct. 540, convinces us that we have the power to impose any sentence which the sentencing judge could have imposed.

Thus, in the Guiramez case, where an improper sentence had been imposed by the trial court, the Supreme Court, in granting a petition for writ of habeas corpus, stated at page 20:

"It follows from what has been said that the sentence imposed was illegal and void, but this does not mean that defendant is entitled to a general discharge, though he must be released from the penitentiary where he is now confined, and returned to Clearfield County *for resentence for such period as the court may deem fit, not exceeding the term which could have been originally meted out:*" (Italics added.)

And in the Dennis case, where the Superior Court also held that a petitioner had been improperly sentenced, that court, in remanding the matter to the trial court for resentencing, stated at page 541:

"Our courts have recognized that imprisonment undergone in the pentitentiary is equivalent to a sub-

stantially greater period of time served under simple imprisonment in the county jail. This should be taken into consideration by the court below when relator is sentenced anew in conformity with the statute. No strict mathematical formula is applicable to the exercise of the discretion of the court."

From these cases it would appear that when the court takes action to correct an excessive sentence, it is not bound to impose the maximum sentence prescribed by law, but may, on the contrary, in the exercise of its judicial discretion, impose a sentence less than the maximum, including, if the circumstances warrant, a suspension of sentence.

Accordingly, the petition for writ of habeas corpus is granted; the three-year sentence originally imposed by the court on bill no. 75, April sessions, 1948, is hereby vacated, sentence thereon is now suspended and petitioner is discharged from further incarceration in the county prison.