J-S01010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JUAN RAMOS-GONZALEZ | : | |
| | : | |
| Appellant | : | No. 412 MDA 2020 |

Appeal from the Judgment of Sentence Entered January 7, 2020
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001897-2019

BEFORE: LAZARUS, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.: **FILED MAY 04, 2021**

Juan Ramos-Gonzalez appeals from the judgment of sentence, entered in the Court of Common Pleas of Lackawanna County, after pleading guilty to terroristic threats[1] and harassment.[2] Counsel has filed a petition to withdraw on appeal and an accompanying **Anders**[3] brief. After careful review, we affirm Ramos-Gonzalez's judgment of sentence and grant counsel's petition to withdraw.

The trial court set forth the factual history of this case as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2706(a)(1).

[2] 18 Pa.C.S.A. § 2709(a)(1).

[3] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

On September 12, 2019, by criminal information, the Commonwealth charged [Ramos-Gonzalez] with one [] count of terroristic threats, and one [] count of harassment/strike/shove stemming from an August 12, 2019 domestic incident[,] wherein the Scranton Police responded to a 911 call from a young child whispering that threats were being made within the residence. Upon investigation, the victim[, N.G.,] related to officers that her husband, [Ramos-Gonzalez], became irate and started threatening family members. [N.G.] reported that [Ramos-Gonzalez] threatened to "put them all in body bags and that the police wouldn't get here in time." [N.G.] also reported that [Ramos-Gonzalez] grabbed her by the face and jawline, and she had to push [him] away[. At that point,] one of her children called 911. Officers recorded [N.G.]'s statements via body camera.

Trial Court Opinion, 11/2/20, at 2 (citations and unnecessary capitalization omitted). On October 11, 2019, Ramos-Gonzalez pleaded guilty to the above-listed offenses, specifically admitting that he threatened "to put his wife and children in a body bag and that police would not get there on time." N.T. Guilty Plea Hearing, 10/11/19, at 2-3.

On October 16, 2019, Ramos-Gonzalez submitted a petition to modify bail, which the Commonwealth opposed; the court held a hearing on the petition on November 14, 2019, and denied it, citing the safety of the victims and the magnitude of the offenses. The court ordered a pre-sentence investigation report (PSI) be prepared prior to sentencing.

On January 7, 2020, the court sentenced Ramos-Gonzalez in the aggravated range for terroristic threats, ordering him to serve twelve to thirty-six months' incarceration, followed by two years' probation, and ordering him to pay a $300 fine on his count of harassment. On January 10, 2020, Ramos-Gonzalez filed a petition for reconsideration of sentence requesting credit for

time served,[4] a declaration of eligibility under the Recidivism Risk Reduction Incentive (RRRI) Program,[5] and further alleging: that the court did not provide adequate reasons for imposing sentence in the aggravated range; that the sentence imposed was excessive, arbitrary, and capricious; that the court relied upon Ramos-Gonzalez's prior conviction for domestic violence as the reason for imposing an aggravated-range sentence; that the court never considered sentencing alternatives; that the court failed to consider Ramos-Gonzalez's mitigating circumstances; and that the court imposed a sentence that failed to comport with the policies set forth for Level 2 offenders, pursuant to 204 Pa. Code § 303.11.

On January 29, 2020, the court held a hearing on Ramos-Gonzalez's petition and, on February 24, 2020, granted his requested credit for time served and declared him RRRI eligible. The court, however, denied Ramos-Gonzalez's remaining requests. Ramos-Gonzalez filed a timely notice of appeal on February 26, 2020; he and the trial court have complied with Pa.R.A.P. 1925.

---

[4] *See* 42 Pa.C.S.A. § 9760.

[5] *See* 61 Pa.C.S.A. §§ 4504-4505.

Ramos-Gonzalez's attorney, Donna M. DeVita, Esquire, has filed an

*Anders* brief seeking to withdraw on appeal.[6]  In her *Anders* brief, counsel

raises the following issues for our review:

1.  Whether the sentence imposed for terroristic threats was harsh and excessive and was an abuse of discretion since it fell in the aggravated range and there were no aggravating circumstances warranting an aggravated sentence.

2.  Whether [the] sentence imposed for terroristic threats is contrary to the fundamental norms underlying the sentencing process in the [C]ommonwealth and that it fails to comport with the benchmarks and policies for Level [2] sentences, which are enumerated in 204 Pa. Code § 303.11.

*Anders* Brief, at 4.

Both of Ramos-Gonzalez's issues on appeal challenge the discretionary

aspects of his sentence.  We note that, regarding such discretionary claims,

_____

[6] Counsel has complied with the procedural requirements of *Anders*, *McClendon*, *Santiago*, and their progeny.  *See supra* at n.3.  Counsel has provided Ramos-Gonzalez with a letter advising him of his rights. *See Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005).  The letter is attached to counsel's withdrawal petition.  *See* Petition to Withdraw, 12/2/20, at "Exhibit A".  Although the petition does not contain proof of service on Ramos-Gonzalez, the letter mentions it as having been enclosed, and the *Anders* brief contains proof of service on Ramos-Gonzalez. *See* Anders Brief, at 21.  Here, we find counsel's compliance with the *Anders* requirements to be substantial, if not perfect; therefore, counsel's compliance was sufficient. *See Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007). Ramos-Gonzalez never filed a response to counsel's *Anders* brief or the petition to withdraw.  "Once counsel has satisfied the [*Anders*] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (en banc) (citation and internal quotation marks omitted).  We, therefore, proceed to our mandatory independent review as to whether Ramos-Gonzalez's appeal is wholly frivolous.

- 4 -

"there is no automatic right to appeal." *Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010) (citing *Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007)). Rather, our jurisdiction must be invoked via the following four-part test:

> (1) whether the appeal is timely[, *see* Pa.R.A.P 902 and 903]; (2) whether Appellant preserved his issue[, *see* Pa.R.Crim.P. 720]; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence[,] *see* Pa.R.A.P. 2119(f); and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode. If the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Disalvo*, 70 A.3d 900, 902 (Pa. Super. 2013) (brackets and ellipsis omitted).

Here, Ramos-Gonzalez preserved the issue in a post-sentence motion for reconsideration of his sentence, followed by a timely notice of appeal. Counsel has also included in her *Anders* brief a Rule 2119(f) statement. *See Anders* Brief, at 9-10. Therefore, we must determine whether Ramos-Gonzalez raises a substantial question. *See Disalvo*, *supra*.

We determine whether the appellant has raised a substantial question on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). "We cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018) (brackets omitted).

Here, Ramos-Gonzalez claims the "court abused its discretion and imposed a harsh and unreasonable sentence when it focused [on] the nature of the offense and the prior harassment convictions involving his wife[,] and when it failed to consider his background and rehabilitative needs." ***Anders*** Brief, at 10.

We note that a claim that the court imposed an aggravated-range sentence without placing adequate reasons on the record raises a substantial question for our review. ***See Commonwealth v. Bromley***, 862 A.2d 598, 604 (Pa. Super. 2004) (citing ***Commonwealth v. Brown***, 741 A.2d 726, 735 (Pa. Super. 1999)). Additionally, a claim that the court relied upon impermissible factors as the sole reason to justify an aggravated-range sentence raises a substantial question. ***See Commonwealth v. Simpson***, 829 A.2d 334, 338 (Pa. Super. 2003) (citing ***Commonwealth v. McNabb***, 819 A.2d 54, 56 (Pa. Super. 2003)). A claim that the trial court focused exclusively on the seriousness of the offense also raises a substantial question. ***See Commonwealth v. Bricker***, 41 A.3d 872, 875 (Pa. Super. 2012) (citing ***Commonwealth v. Macias***, 968 A.2d 773, 776 (Pa. Super. 2009)). Lastly, a claim that the sentencing court abused its discretion by sentencing the defendant to serve his sentence in a state correctional facility, rather than county jail, raised a substantial question where the defendant was able to point to a violation of a particular provision of the sentencing guidelines. ***See Commonwealth v. Hartle***, 894 A.2d 800, 806 (Pa. Super. 2006). Thus, we

will address the merits of Ramos-Gonzalez's discretionary aspects of sentencing challenges.

Our standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. To constitute an abuse of discretion, the sentence imposed must either exceed the statutory limits or be manifestly excessive. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill[-]will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa. Super. 2005) (citing

*Commonwealth v. Mouzon*, 828 A.2d 1126, 1128 (Pa. Super. 2003)).

A sentencing judge has broad discretion in determining a reasonable penalty, and appellate courts afford the sentencing court great deference, as it is the sentencing court that is in the best position to "view the defendant's character, displays of remorse, defiance, or indifference, and the overall effect and nature of the crime."

*Commonwealth v. Edwards*, 194 A.3d 625, 637 (Pa. Super. 2018) (quoting

*Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007)).

Moreover, this Court's review of the discretionary aspects of a sentence is governed by 42 Pa.C.S.A. §§ 9781(c) and (d). *Commonwealth v. Dodge*, 77 A.3d 1263, 1274 (Pa. Super. 2013). Section 9781(c) provides, in relevant part:

(c) Determination on appeal.—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

\* \* \*

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c)(3). Subsection 9781(d) requires that, in reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

"Although a sentencing judge must state his or her reasons for the sentence imposed, a discourse on the court's sentencing philosophy is not required[; however, t]he court must explain any deviation from the sentencing guidelines." *Simpson*, *supra* at 338 (citing *Commonwealth v. Hill*, 629 A.2d 949, 953 (Pa. Super. 1993)) (internal citations, quotation marks, and ellipsis omitted). Additionally, "[w]here the court's sentencing colloquy shows consideration of the defendant's circumstances, prior criminal record, personal characteristics and rehabilitative potential, and the record indicates that the court had the benefit of the pre[-]sentence report, an adequate statement of the reasons for sentence imposed has been given." *Brown*, *supra* at 735-36 (citations and quotation marks omitted). *See also Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) ("Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant

- 8 -

information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself.").

Here, the court did not rely solely on the nature of the offense or Ramos-Gonzalez's prior convictions for harassment in imposing an aggravated-range sentence for his terroristic threats conviction. Indeed, the court clearly explained its deviation from the sentencing guidelines, *see Simpson*, *supra*, by noting the repetitive nature of Ramos-Gonzalez's behavior towards these specific victims, his refusal to commit to therapy while under Domestic Violence Court supervision, and the nature of his crimes.[7] *See* N.T. Sentencing Hearing, 1/7/20, at 3-4; *see also Simpson*, *supra* at 338 (sentencing courts may rely on facts already included in sentencing guidelines if supplemented with additional sentencing information); *Commonwealth v. Stewart*, 867 A.2d 589, 593 (Pa. Super. 2005) ("A sentencing court may consider any legal factor in determining that a sentence in the aggravated

---

[7] At sentencing, the court stated:

> Mr. Ramos, . . . I do look at your history here and you had prior domestic violence and a number of other matters that speaks volumes[. T]he [c]ourt is cognizant of that fact that while you were under Domestic Violen[ce] Court supervision back in '17[,] you were in therapy[,] but then afterwards[,] you stopped going. The [c]ourt finds that there [are] aggravating factors in this matter, the domestic violence and prior domestic violence[,] over a period of time[,] to not only your wife[,] but also children[,] victimized by your actions.

N.T. Sentencing Hearing, 1/7/20, at 3-4.

range should be imposed."). In addition, at sentencing, the court indicated that it was aware of the contents of Ramos-Gonzalez's PSI. *See id.* at 2; *see also Brown*, *supra* at 735-36. Therefore, we assume that the court properly weighed Ramos-Gonzalez's mitigating factors. *See Devers*, *supra*. Consequently, Ramos-Gonzalez has not shown that his sentence is unreasonable; thus, this discretionary aspect of sentencing claim fails. *See* 42 Pa.C.S.A. § 9781(c)(3).

Second, Ramos-Gonzalez alleges the court abused its discretion when it sentenced him to serve his term of imprisonment in a state correctional institution rather than a county facility.[8] *See Anders* Brief, at 17. Specifically, Ramos-Gonzalez argues that the court abused its discretion insofar as it declined to impose county confinement, which is the recommended sentence for Level 2 repeat non-violent offenders, pursuant to 204 Pa. Code § 303.11.[9] *Id.* at 15-16.

---

[8] When the trial court sentences a defendant to serve a term of more than two but less than five years' imprisonment, Pennsylvania law requires the defendant to serve that sentence in a state correctional institution if certain conditions are met. *See* 42 Pa.C.S.A. § 9762(b)(2).

[9] Section 303.11 of the Sentencing Code sets forth the purposes of sentencing as well as defines five separate levels of offenders:

> **(b) *Sentencing levels.*** The sentencing level is based on the standard range of the sentencing recommendation. Refer to § 303.9 to determine which sentence recommendation (i.e.—Basic, Enhancement) applies. When the individual or aggregate minimum sentence recommendation includes confinement in a county facility, the court should consider the guidelines to

It is well-settled that a defendant has no right to choose his or her place of confinement. *See Commonwealth ex rel. Radziewicz v. Burke*, 82 A.2d 252, 254 (Pa. Super. 1951). Additionally, we have previously noted that the sentencing court is offered little guidance when exercising its discretion in choosing the appropriate place of confinement for the defendant. *See Commonwealth v. Stalnaker*, 545 A.2d 886, 889 (Pa. Super. 1988). Indeed, we have found that where the court sentenced a Level 2 offender to

---

determine the appropriateness and eligibility for probation with restrictive conditions as described in § 303.12(a) and county reentry as described in § 303.12(f)(1). When the individual or aggregate minimum sentence recommendation includes confinement in a state facility, the court should consider the guidelines to determine the appropriateness and eligibility for certain correctional programs, including State Motivational Boot Camp, State Drug Treatment Program, Recidivism Risk Reduction Incentive Program and Short Sentence Parole as described in § 303.12(b)—(e). The descriptions of the five sentencing levels are as follows:

\* \* \*

**(2) *Level 2*—** Level 2 provides sentence recommendations for generally non-violent offenders and those with numerous less serious prior convictions, such that the standard range requires a county sentence but permits both non-confinement sentencing recommendations as provided in § 303.9(f) and confinement sentencing recommendations served in a county facility as provided in § 303.9(e)(2), (3) and (4). The standard range is defined as having an upper limit of less than 12 months and a lower limit of Restorative Sanctions (RS). The primary purposes of this level are control over the offender and restitution to victims. Treatment is recommended for drug dependent offenders.

204 Pa. Code § 303.11.

- 11 -

state, rather than county, confinement, the court did not abuse its discretion where it considered a PSI, balanced the factors enumerated in the Sentencing Code, and stated valid reasons on the record for imposing an aggravated-range sentence when determining that a state correctional facility was the appropriate place for the defendant to serve his sentence. **See Commonwealth v. Fullin**, 892 A.2d 843, 852 (Pa. Super. 2006); **cf. Hartle**, **supra** (court abused discretion in failing to offer reason for choosing state sentence rather than county sentence when sentencing Level 2 offender to minimum 3 months' incarceration to be served in a state facility; "where the Sentencing Guidelines recommend a county sentence, but the trial court has the option to impose either a county sentence or a state sentence, the court shall place the reasons for imposing a state sentence on the record."). **See also Commonwealth v. Hanson**, 856 A.2d 1254, 1259 (Pa. Super. 2004) ("[C]ourt control over the offender and a county sentence are not of concern **when an aggravated sentence is appropriate**.") (emphasis added); **cf. Commonwealth v. Ward**, 489 A.2d 809, 812 (Pa. Super. 1985) ("The policy behind requiring that a person sentenced to simple imprisonment serve the sentence in a county jail and not a state penitentiary, recognizes that such a person, **who is rarely in trouble**, should not be subjected to imprisonment with persons guilty of serious misdemeanors or felonies.") (emphasis added).

Here, the court sentenced Ramos-Gonzalez to 12 to 36 months' incarceration for his terroristic threats conviction, which was ordered to be served in a state correctional facility, rather than the recommended guideline

sentence of restorative sanctions (RS) to 9 months' incarceration.[10]  **See supra** n.8.  Like in **Fullin**, the court stated valid reasons on the record for imposing a sentence in the aggravated range.[11]  **See** N.T. Sentencing Hearing, 1/7/20, at 3-4; **Hanson**, **supra**; **cf. Hartle**, **supra**.[12]  The court additionally considered Ramos-Gonzalez's PSI and mitigating circumstances.  N.T. Sentencing Hearing, 1/7/20, at 2; **see Fullin**, **supra**.  Therefore, we discern no abuse of discretion in the court's determination that the aggravating circumstances *sub judice*, **see supra** at n.7, required state confinement.[13]  **See Fullin**, **supra**; **see also Perry**, **supra**.

---

[10] **See** 204 Pa. Code § 303.9(a)(1) ("Guideline sentence recommendations are based on the Offense Gravity Score and Prior Record Score.  In most cases, the sentence recommendations are found in the Basic Sentencing Matrix (§ 303.16(a)).").

[11] **See** 204 Pa. Code § 303.13(c) ("When the court imposes an aggravated or mitigated sentence, it shall state the reasons on the record[.]").

[12] In **Hartle**, this Court distinguished the defendant's minimum 3-month sentence from the facts in **Fullin**, noting that, "[i]n **Fullin**, the appellant was sentenced to a period of 1 to 3 years in prison, which was an aggravated[-]range sentence, outside the criteria for [L]evel 2 sentencing recommendations."  **Hartle**, **supra** at 807.  Here, like in **Fullin**, Ramos-Gonzalez was sentenced to a period of 1 to 3 years' incarceration, which was an aggravated-range sentence, falling outside the criteria for Level 2 sentencing recommendations.  **See also Hanson**, **supra**.

[13] Insofar as Ramos-Gonzalez claims that the facts of his case represent "typical" terroristic threats and thus his aggravated-range sentence constitutes an abuse of discretion, **see Anders** Brief, at 14, we find the trial court disclosed adequate reasons on the record as to why Ramos-Gonzalez's offense was more reprehensible than "typical."  **See Hanson**, **supra** at 1259-60; N.T. Sentencing Hearing, 1/7/20, at 3-4.

As a result of the above, we agree with Attorney DeVita and find Ramos-Gonzalez's appeal to be wholly frivolous. **_See supra_** at n.6. We, therefore, affirm Ramos-Gonzalez's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/04/2021